UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Keith A. Yerian,                                Chapter 7
                                                Case No.: 6:15-bk-07120-KSJ

      Debtor.
_____/
Richard Blackstone Webber, II,
Chapter 7 Trustee
                                                Adv. Proc. No. 6:15-ap-00064-KSJ

      Plaintiff,
v.

Keith A. Yerian and Sun Y. Pak,

      Defendants.
_____/

**MOTION FOR TURNOVER OF UNLAWFUL RECORDING**

     Keith A. Yerian, Defendant, by and through his undersigned counsel, moves this Court for an Order compelling turnover of a compact disc containing an unlawfully recorded conversation and says:

     1.     In the production made by the Trustee, the Defendant has discovered that a conversation he had by phone with his son Emerson Yerian was recorded without his knowledge or consent (the "Recording").

     2.     Florida Statues Section 943.03 makes it a third degree felony to record a conversation over the phone without the consent of one of the participants.  The statute also makes it a third degree felony to use or disclose the contents of the recorded conversation.

     3.     Florida Statue 943.10 provides a civil remedy to  ". . . any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09

shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications."

4.      The Recording itself was not produced by the Trustee, though all items that had been given to the Trustee by the ex-wife were required.   Upon discovery of the unlawfully recorded phone call, Defendant's counsel pointed out the reference in the emails from the Defendant's ex-wife to the trustee's staff in which she said had the Recording on a "DVD" and was sending it to the Trustee.   Defendant's counsel pointed out that the Recording was unlawful and demanded it not be played, accessed or shared with anyone and turned over to the Defendant.

5.      The Trustee's response was to file his Motion for Authority to Destroy Recording (Doc. No. 25).

6.      The Defendant is entitled under Florida Law to redress for the wrong done him by the unlawful recording.   The Recording is evidence and perhaps the only evidence available to the Defendant to enforce his rights under Florida law should he decide to do so.

7.      The sworn statement of the Defendant made under penalty of perjury is attached hereto, making it clear that the recording of the conversation was made without his consent or knowledge.

8.      The Trustee's contention that it may be unlawful to give the Recording to the victim of the unlawful behavior is illogical and clearly not consistent with Florida law.

9.      Destruction of the Recording would be the destruction of evidence, contrary to the Defendant's rights and the intent of the statute.

WHEREFORE, Keith Yerian, Defendant, requests this Court enter an Order: (i) compelling Richard B. Webber II, Trustee, to refrain from accessing the Recording; and (ii) the turnover of the Recording to the Defendant.

2

**CERTIFICATE OF SERIVCE**

I certify that that this Motion for Turnover was served on November 11, 2015 to all filing users through the CM/ECF filing system.

/s/ Frank M. Wolff
Frank M. Wolff
Florida Bar No. 319521
Wolff, Hill, McFarlin & Herron, P.A.
1851 West Colonial Drive
Orlando, FL   32804
Telephone (407) 648-0058
Facsimile   (406) 648-0618
fwolff@whmh.com

Attorneys for Defendants

3