UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:
KEITH A. YERIAN,                                    CASE NO.: 6:15-bk-01720-KSJ

        Debtor.                                    Chapter 7
_____/

RICHARD B. WEBBER II,
as Chapter 7 Trustee,

        Plaintiff,
v.                                                  Adv. No.: 6:15-ap-64-KSJ

KEITH A. YERIAN and
SUN Y. PAK,

        Defendants.
_____/

**TRUSTEE'S MOTION TO COMPEL THIRD PARTY, MWAGUSI SOFTWARE, LLC, TO COMPLY WITH A SUBPOENA TO PRODUCE DOCUMENTS**

COMES NOW Chapter 7 Trustee, Richard B. Webber II ("Trustee"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(a) and Federal Rules of Bankruptcy Procedure 7037(a) and 9016, and hereby files this Motion to Compel Third Party, Mwagusi Software, LLC, to Comply with a Subpoena to Produce Documents, and in support thereof states as follows:

1.  On November 25, 2015, the undersigned, as counsel for the Trustee, served non-party Mwagusi Software, LLC ("Mwagusi") with a Subpoena to Produce Documents ("Subpoena"), a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference.  The Subpoena was filed with the Court by Notice of Filing on November 25, 2015 (Doc. # 35).

2.  Counsel for the Debtor, Keith A. Yerian ("Debtor") and Defendant, Sun Y. Pak ("Defendant"), also represents Mwagusi in this Action.

3.  On December 11, 2015, the undersigned granted Mwagusi an extension of time until December 21, 2015 for Mwagusi to respond to the Subpoena.  The extension was confirmed in an email by Jeanne A. Kraft, Esq., a true and correct copy of which is attached hereto as Exhibit "2" and incorporated herein by reference.

4.  Mwagusi did not file an objection or respond to the Subpoena prior to the extended deadline of December 21, 2015.

5.  On January 22, 2016, approximately one month after the deadline, Mwagusi served its Response to Plaintiff's Subpoena to Produce Documents ("Response"), a true and correct copy of which is attached hereto as Exhibit "3" and incorporated herein by reference.

6.  The Response asserts objections to production as burdensome and requires the Trustee to agree, in writing, to keep any documents produced by Mwagusi as confidential before Mwagusi will produce the documents.

7.  Federal Rule of Bankruptcy Procedure 9016 applies Federal Rule of Civil Procedure 45 to cases under the Bankruptcy Code.

8.  Federal Rule of Civil Procedure 45(d)(2)(B) provides that a non-party served with a subpoena duces tecum must serve written objections to the requesting party's counsel within 14 days of service, and failure to timely respond to discovery results in a waiver of any objections.  Moore v. City of St. Augustine, Florida, 2013 WL 1156384 (M.D. Fla. 2013); Walinbay S.A. v. Fresh Results, LLC, 2014 WL 1267170 (S.D. Fla. 2014).

9.  By filing its written response to the Subpoena one month after the extended deadline, Mwagusi waived any and all objections to the Subpoena.  See id.

10. To the extent that the Court considers Mwagusi's Response and the objections therein, the objections should be overruled.

11. The confidentiality requirement in Mwagusi's Response is unduly burdensome on the Trustee and attempts to hinder the Trustee's prosecution of this Adversary Proceeding.

12. Mwagusi's Response requests that the Trustee agree, in writing, to keep any and all documents produced by Mwagusi confidential and to maintain such confidentiality unless the Court orders otherwise or Mwagusi agrees to release a particular document, citing Debtor's concern that the financial documents may be used by Debtor's ex-wife in an ongoing divorce dispute.

13. Mwagusi's Response contemplates that in the likely event that Mwagusi and the Trustee cannot agree on which documents are to remain privileged once produced, the Trustee would need to obtain a Court ruling on whether the document may be used in this proceeding.

14. Trustee anticipates that the records of Mwagusi will be relevant in the depositions of Debtor, Defendant, and potentially Deborah Yerian, and certainly at trial of this matter.

15. Essentially, Mwagusi wants the Court to require the Trustee to schedule a hearing to explain to the Court why a document produced by Mwagusi is relevant before the Trustee can disclose the document to any other party, including at depositions or at trial.

16. A ruling against the Trustee at such a hearing would preclude the Trustee from using those documents in depositions and at trial, which would allow Debtor and Defendant the unfair advantage of excluding the Trustee's potential evidence. Documents that may not seem relevant at the early stages of this case may prove relevant during deposition or after the depositions are concluded.

17. In addition to the confidentiality provision, Mwagusi responds that it will not produce its bank statements because the bank statements are "either not available online or would be burdensome for Mwagusi to produce."

18. Mwagusi's bank statements are relevant to the Trustee's Adversary Complaint. Not only did the Debtor fail to disclose his interest in Mwagusi on his Petition, Trustee believes that Debtor and/or Defendant received from Mwagusi salary, benefits, and money for payment of their personal expenses, none of which were disclosed on Debtor's Petition.

19. Trustee also believes that payments made to Debtor and Defendant by Mwagusi are in consideration of an agreement between Mwagusi and Debtor to divert customers from a business owned by Debtor and his ex-wife/creditor, Deborah Yerian, called ETC Computers, Inc. and to conceal assets from Deborah Yerian. Debtor failed to identify Deborah Yerian as a creditor on his Schedules.

20. Debtor has also produced a copy of a check written to the Debtor's allegedly exempt self-directed IRA for a reimbursement of Mwagusi's start-up costs. Trustee needs to review what payments were made between Debtor and Mwagusi before the Debtor filed bankruptcy.

21. As of the date of this Motion, Trustee has not received any documents from Mwagusi in response to the Subpoena.

22. The undersigned certifies that he had a substantive conversation by telephone with Counsel for Mwagusi prior to filing this Motion to Compel, but the issues contained within this Motion could not be agreed to or resolved without Court action.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order Compelling Mwagusi Software, LLC to respond to the Subpoena; to produce any all documents

responsive to the Subpoena to the Trustee's counsel, including any and all bank statements; and for such further relief as this Court deems just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission to Frank M. Wolff, Esquire, Wolff, Hill, McFarlin & Herron, PA, 1851 W. Colonial Drive, Orlando, FL 32804 (fwolff@whmh.com; jkraft@whmh.com) (Attorneys for Debtor and Defendant), on February 1, 2016.

BRADLEY J. ANDERSON, Esquire
Florida Bar No. 0105695
Zimmerman, Kiser & Sutcliffe, P.A.
PO Box 3000
Orlando, Florida 32802-3000
Attorney for Chapter 7 Trustee
Telephone:  (407) 425-7010
Telecopy:  (407) 425-2747
E-mail:  banderson@zkslawfirm.com

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

___MIDDLE_____ District of ___FLORIDA_____

In re ___KEITH A. YERIAN_____
Debtor

<i>(Complete if issued in an adversary proceeding)</i>

___RICHARD B. WEBBER, II,_____
Plaintiff
v.
___KEITH A. YERIAN and SUN Y. PAK,_____
Defendant

Case No. ___6:15-bk-01720-KSJ_____

Chapter ___7_____

Adv. Proc. No. ___6:15-ap-64-KSJ____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __MWAGUSI SOFTWARE LLC , c/o John McLeod_____
<i>(Name of person to whom the subpoena is directed)</i>

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Schedule A

| PLACE   315 E. Robinson Street, Suite 600<br><br>Orlando, FL  32801 | DATE AND TIME<br><br>December 30, 2015 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11/25/15____

CLERK OF COURT

<br>

OR

_____          _____
<i>Signature of Clerk or Deputy Clerk</i>                    <i>Attorney's signature</i>

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Richard B. Webber, II_____ , who issues or requests this subpoena, are:

Bradley J. Anderson, Esquire, 315 E. Robinson St., Ste. 600, Orlando, FL 32801; banderson@zkslawfirm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: Fedex Tracking No.: 775051958947

MWAGUSI SOFTWARE LLC, c/o John McLeod, 3845 Cedarbend Dr., La Crescenta, CA  91214

_____ on *(date)* November 25, 2015 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: 11/25/15

_____
*Server's signature*

Bradley J. Anderson, Esq., Attorney for Richard B. Webber, II
*Printed name and title*

315 E. Robinson St., Ste. 600
Orlando, FL 32801
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Jeanie Wenhold**

**From:** Jeanne A. Kraft <JKraft@whmh.com>
**Sent:** Friday, December 11, 2015 10:04 AM
**To:** Bradley J. Anderson
**Cc:** Frank M. Wolff; Patricia I. Smith; Rick Webber
**Subject:** Webber II, Richard B., Trustee v. Yerian, Keith A.: MWAGUSI SOFTWARE LLC Subpoena

Brad,

As discussed, we will be representing Mwagusi and appreciate the Trustee's courtesy of allowing us until December 21, 2015 to respond to the subpoena. I will advise Frank about the conflict issue you mentioned and let him get back to you or Rick on the matter. If anything in this email is incorrect, please advise asap.

Otherwise, thanks again and have a wonderful weekend.

Jeanne



**Jeanne A. Kraft**
*Wolff, Hill, McFarlin & Herron, P.A.*
1851 W. Colonial Drive
Orlando, Florida 32804
Phone: 407-648-0058
Fax: 407-648-0681

CONFIDENTIALITY NOTICE: This email may contain privileged and confidential information. If the recipient of this email is not the intended recipient, then dissemination, distribution, or copying of the email is prohibited. If you have received this email in error, then please advise the sender and delete the email.

EXHIBIT
2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

                                                     Chapter 7

Keith A. Yerian,                              Case No.: 6:15-bk-07120-KSJ

      Debtor.
_____/

Richard Blackstone Webber, II,
Chapter 7 Trustee

                                              Adv. Proc. No. 6:15-ap-00064-KSJ

      Plaintiff,

v.

Keith A. Yerian and Sun Y. Pak,

      Defendants.
_____/

### RESPONSE BY MWAGUSI SOFTWARE LLC
### TO PLAINITIFF'S SUBPOENA TO PRODUCE DOCUMENTS

      Mwagusi Software LLC, ("Mwagusi") responds to Plaintiff's subpoena to produce documents listed on Schedule "A" as follows:

A.    <u>Time and Place of Production.</u>

      Prior to the production of the documents and things responsive to the subpoena to produce documents, Plaintiff must agree in writing (i) to keep all documents and things provided by Mwagusi, including any information contained therein, *in confidence,* as such documents and things contain sensitive financial information of entities or individuals not a party to this adversary proceeding and the Debtor's former spouse may intend to use the information to the prejudice of Mwagusi in an ongoing divorce dispute pending between the Debtor and Debtor's former spouse (ii) only Plaintiff or Plaintiff's attorneys at Zimmerman, Kiser & Sutcliffe, P.A. will have access to review the documents and things provided and (iii) to maintain such

EXHIBIT
3

confidentiality unless the bankruptcy court orders otherwise or Mwagusi agrees in writing to the release of a particular document, thing or information contained therein.

B.    <u>General Response.</u>

These responses are made without waiver of, and with preservation of:

1.    The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the production and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including the trial of this action), and in any other actions;

2.    The right to object to the use of any such production, or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action), and in any other actions;

3.    The right to object on any ground at any time to a demand or request for production or other document request or other discovery proceeding; and

4.    The right at any time to revise, correct, and to supplement or clarify any of the responses contained herein.

The following responses are made expressly without acknowledgment of materiality or relevance of documents described in plaintiff's request, or that the documents are in any way reasonably calculated to lead to the discovery of admissible evidence.  If one or more documents are produced that violate the attorney-client privilege or any other privilege, such production is inadvertent and is not intended as a waiver of such privilege.

C.    <u>Response to Specific Requests.</u>

1.    Any and all documents relating to money that Mwagusi Software LLC distributed to Keith A. Yerian's Self Directed IRA; Keith A. Yerian; Sun Y. Pak; Yerian Properties, LLC, or any entity owned by them, including, but not limited to, wages, income, consulting fees, pay

stubs, distributions, W2s or 1099s, commissions, bonuses, retirement account contributions, etc. since the inception of Mwagusi Software LLC through October 31, 2015.

> **RESPONSE:** Subject to the reservations stated above, none as to distributions made to Keith A. Yerian's Self Directed IRA, none as to distributions made to Yerian Properties, LLC, see documents bate stamped MS000001-MS000022, MS0000027-MS0000059, MS000061-MS0000067 as to Keith A. Yerian; see documents bate stamped MS000023-MS000026, MS000060 as to Sun Y. Pak. In addition, the bank account and credit card records of Mwagusi Software LLC ("Mwagusi") could contain information regarding distributions to Keith A. Yerian or Sun Y. Pak; however, these records are either not available online or would be burdensome for Mwagusi to produce. Accordingly, Mwagusi objects to the production of said documents as burdensome.

2.    The Operating Agreement for Mwagusi Software LLC.

> **RESPONSE:** Subject to the reservations stated above, none.

3.    Tax returns for Mwagusi Software LLC for the last five years.

> **RESPONSE:** Subject to the reservations stated above, see documents bate stamped MS000068-MS000135.

4.    Any and all documents relating to the formation of Mwagusi Software LLC, including, but not limited to, all documents filed with the Nevada Secretary of State to form Mwagusi Software LLC and all documents filed with the Nevada Secretary of State since the inception of Mwagusi Software LLC.

> **RESPONSE:** Subject to the reservations stated above, none in possession. Nevada LLC services prepared and filed the requested documents. The documents may be obtained from the Nevada Secretary of State.

5.    Any and all documents relating to the employment of Keith A. Yerian or Sun Y. Pak with Mwagusi Software LLC since the inception of Mwagusi Software LLC.

> **RESPONSE:** Subject to the reservations stated above, none as to Sun Y. Pak; see documents bate stamped MS0000027-MS0000059, MS000061-MS0000067 as to Keith A. Yerian.

6.    Any and all documents relating to Mwagusi Software LLC's joint business venture with ETC Tech Solutions, including, but not limited to, any agreements to share referrals or customers.

> **RESPONSE:** Subject to the reservations stated above, none.

7.    Any and all documents relating to Mwagusi Software LLC's check to "Self Directed IRA, LLC" for $1,575 for "Yerian Properties, LLC Loan" on or about May 21, 2012.

**RESPONSE:** Subject to the reservations stated above, none in possession. The bank account and credit card records of Mwagusi could contain information regarding the check; however, these records are either not available online or would be burdensome for Mwagusi to produce. Accordingly, Mwagusi objects to the production of said documents as burdensome.

8.    Any and all documents relating to any loans between Mwagusi Software LLC and Keith A. Yerian's Self Directed IRA; Keith A. Yerian; Sun Y. Pak; Yerian Properties, LLC, or any entity owned by them since the inception of Mwagusi Software LLC.

**RESPONSE:** Subject to the reservations stated above, none.

9.    Any and all documents relating to wire transfers from Mwagusi Software LLC to Keith A. Yerian's Self Directed IRA; Keith A. Yerian; Sun Y. Pak; Yerian Properties, LLC, or any entity owned by them since the inception of Mwagusi Software LLC.

**RESPONSE:** Subject to the reservations stated above, none.

10.    Any and all documents relating to Mwagusi Software LLC's payment of funds to Sun Y. Pak for rent since the inception of Mwagusi Software LLC, including but not limited to, copies of any leases between Mwagusi Software LLC and Sun Y. Pak and proof of payment.

**RESPONSE:** Subject to the reservations stated above, the bank account records of Mwagusi would contain information regarding checks payable to Sun Y. Pak for rent; however, these records are either not available online or would be burdensome for Mwagusi to produce. Accordingly, Mwagusi objects to the production of said documents as burdensome.

11.    Any and all documents relating to Mwagusi Software LLC's payment of funds to Keith A. Yerian's Self Directed IRA; Keith A. Yerian; Sun Y. Pak; Yerian Properties, LLC, or any entity owned by them for expenses, including but not limited to, health insurance, medical expenses, cell phones, taxes, living expenses, utility bills, and travel expenses since the inception of Mwagusi Software LLC.

**RESPONSE:** Subject to the reservations stated above, see documents bate stamped MS000136-MS000152. In addition, the bank account and credit card records of Mwagusi could contain information regarding the payment of expenses; however, these records are either not available online or would be burdensome for Mwagusi to produce. Accordingly, Mwagusi objects to the production of said documents as burdensome.

12.    Any and all Mwagusi Software LLC credit card statements for the last three years for credit cards that Keith A. Yerian's Self Directed IRA; Keith A. Yerian; Sun Y. Pak; Yerian Properties, LLC, or any entity owned by them have authority to use.

**RESPONSE:** Subject to the reservations stated above, none as to that Keith A. Yerian Self Directed IRA, none as to Sun Y. Pak, and none as to Yerian Properties, LLC. Otherwise, the credit card records of Mwagusi are either not available online or would be burdensome for Mwagusi to produce.  Accordingly, Mwagusi objects to the production of said documents as burdensome.

13.    Any and all documents relating to Keith A. Yerian's interest in any retirement or profit sharing plans held by Mwagusi Software LLC and the balance of any accounts.

**RESPONSE:** Subject to the reservations stated above, none.

14.    Any and all communications between Mwagusi Software LLC and Keith A. Yerian relating to Keith A. Yerian's employment with or retention to provide services or consulting to Mwagusi Software LLC.

**RESPONSE:** Subject to the reservations stated above, none.

15.    Any and all documents relating to John McLeod's employment with Mwagusi Software LLC, including, but not limited to, an employment agreement or documents relating to John McLeod's terms of employment.

**RESPONSE:** Subject to the reservations stated above, none.

16.    Any and all documents relating to John McLeod's receipt of funds from Mwagusi Software LLC, including, but not limited to, paychecks, W2s, 1099s, tax returns, pay stubs, commissions, bonuses, retirement account contributions, etc. from inception of Mwagusi Software LLC through October 31, 2015.

**RESPONSE:** Subject to the reservations stated above, see documents bate stamped MS000001-MS000015, MS0000020, MS0000028-MS0000059, MS000061-MS0000063, and MS000068-MS000135. In addition, the bank account and credit card records could contain information regarding John McLeod's receipt of funds from Mwagusi; however, these records are either not available online or would be burdensome for Mwagusi to produce.   Accordingly, Mwagusi objects to the production of said documents as burdensome.

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this response has been served on January 22, 2016 by email to

Bradley J. Anderson, Esquire, Zimmerman, Kiser & Sutcliffe, P.A., PO Box 3000, Orlando, FL

32802-3000, email: banderson@zkslawfirm.com.

/s/ Jeanne A. Kraft
Jeanne A. Kraft
Florida Bar No.  0519324
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
jkraft@whmh.com

Attorneys for Mwagusi Software LLC